

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

March 23, 2007

Pedro Terrero
#26745-050
L.S.C.I. Allenwood
P.O. Box 1000
White Deer, PA 17887
*Pro Se Petitioner*

Jonathan W. Romankow
Peter Rodino Federal Building
970 Broad Street Suite 700
Newark, NJ 07102
*Attorney for Respondent*

Re:   *Pedro Terrero v. United States of America*,
      Civil Action No. 06-CV-5171 (WJM)

Dear Litigants:

This matter comes before the Court on pro se prisoner Pedro Terrero's motion to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## BACKGROUND

Pedro Terrero was arrested, charged, and indicted for conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine. (Pet'r Br. 2; Resp't Br. Ex. A.) Following his indictment, Terrero entered into the following plea agreement:

1. Terrero would plead guilty to conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846, stipulate to a Base Offense Level of 36 for 50-150 kilograms of cocaine and an agreed total Guidelines offense level between 33-31, and waive his rights

to file an appeal or collateral attack on sentencing, including a motion under 28 U.S.C. § 2255; and

2. the United States Attorney for the District of New Jersey, in turn, would accept the guilty plea, refrain from seeking further criminal charges, and stipulate to the same Base Offense Level and an agreed total Guidelines offense level.[1]

(Pet'r Br. 2, 6; Resp't Br. Ex. B.)  In accordance with this agreement, Terrero filed a Rule 11 application for permission to enter a guilty plea and, then, pled guilty to the indictment during a hearing held on June 2, 2005 before this Court.  (Resp't Br. Ex. C, Ex. D.)  The Probation Office and the government calculated the total adjusted offense level to be 31 with a criminal history category I, resulting in a Guidelines range of 108-135 months. (Resp't Br. 3.)  Granting the government's motion for a downward departure under 5K1.1 and 18 U.S.C. 3553(e), the Court sentenced Terrero to 96 months imprisonment on October 20, 2005. (Resp't Br. Ex. D.)  Terrero did not file an appeal.

## ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody under a sentence from a federal court may move the court which imposed the sentence to either vacate, set aside, or correct the sentence.  This section, however, does not afford a remedy for all errors that may have been made at trial or at sentencing.  *United States v. Addonizio*, 442 U.S. 178 (1979).  Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A prisoner can challenge his or her sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Terrero raises two constitutional challenges to the sentenced imposed: (1) an *Apprendi*-based claim*,* and (2) a claim of ineffective assistance of counsel.  His arguments are addressed in turn.

## A.     Terrero's *Apprendi* Claim

Terrero argues that his sentence contains numerous constitutional defects based on the principles laid out in *Apprendi v. New Jersey*, 50 U.S. 466 (2000).  (Pet'r Br. 6-10.)  These arguments are premised on Terrero's claim that he only pled to Count One of his indictment for "over 5 kilograms of cocaine," but was sentenced for 50-150 kilograms of cocaine.  *Id*.  He

---

[1] In a separate Cooperation Agreement, the government additionally agreed to make a motion for a downward departure under U.S.S.G. 5K1.1 and 18 U.S.C. 3553(e) to reduce Terrero's sentence below the guideline range if he provided substantial cooperation.  (Resp't Br. 2.)

further argues that this quantity determination was required to be found by a jury beyond a reasonable doubt.  (Pet'r Br. 10.)

Terrero's claims are without merit, and his references to *Apprendi* and other sentencing cases are inapt.  First, Terrero waived his right to appeal his sentence determination.  *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001)("waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice").  There is no argument that the government violated the plea agreement or that his waiver was entered into unknowingly or involuntarily.  Second, even if the waiver was invalid, Terrero incorrectly applies the *Apprendi* line of cases which relate to findings by a court enhancing the penalty for a crime above a statutory maximum.  These cases establish that: "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt**.**"  *Booker*, 543 U.S. at 244 (emphasis added).  Here, the Court sentenced Terrero below, not above, the statutory maximum and the Guidelines range.  Additionally, Terrero pled and expressly admitted to committing an offense involving "more than 50 kilograms but less than 150 kilograms of cocaine" in Schedule A of his plea agreement.  (Resp't Br. Ex. B.)  Accordingly, Terrero's *Apprendi*-based claims fail.

## B.  Terrero's Ineffective Assistance of Counsel Claim

Terrero's claim of ineffective assistance of counsel is also without merit.  Although ineffective assistance of counsel can invalidate waiver-of-appeal provisions, *see Khattak*, 273 F.3d at 563, Terrero has not demonstrated that (1) his attorney's performance was deficient, and (2) that he was prejudiced by the deficiency.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Terrero merely claims that his attorney's performance was deficient, because he allowed Terrero, despite his innocence, to sign the plea agreement and with a drug amount not charged in the indictment.  This conclusory allegation, even if true, cannot sufficiently sustain an ineffective assistance of counsel claim.  *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995)("a defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial"); *United States v. Shedrick*, 2007 U.S. App. LEXIS 4433, *18 (3d Cir. 2007)(holding that erroneous sentencing prediction by counsel is not ineffective assistance of counsel as long as an adequate plea hearing was conducted).  The plea agreement was translated into Spanish for Terrero, and Terrero reviewed the plea agreement with counsel.  (Resp't Br. Ex. B, 5.)  Terrero acknowledged that he understood and accepted the terms of the plea agreement fully.  *Id.*  Terrero further acknowledged that he understood the plea agreement by his Rule 11 application.  (Resp't Br. Ex. C.)  In a hearing before this Court, Terrero indicated that he understood the terms and conditions of the plea.  The Court is not persuaded that counsel's performance was in any way deficient.  Accordingly, Terrero's ineffective assistance of counsel claim must be dismissed.

**CONCLUSION**

For the reasons stated above, Terrero's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.   An appropriate order follows.


 s/William J. Martini
**William J. Martini, U.S.D.J.**

4